UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00053-FDW
(3:14-cr-00264-FDW-1)

| | | |
|---|---|---|
| **TRAVIS DEON ROSEBORO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **FRANCISCO QUINTANA,** | ) | |
| *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Travis Deon Roseboro's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C § 2241. (Doc. No. 1.) Petitioner is a federal prisoner currently incarcerated at JESUP Federal Correctional Institution-Low in Jesup, Georgia.

On February 23, 2015, Petitioner pled guilty pursuant to a plea agreement to one count of conspiracy to commit robbery by force or violence, in violation of 18 U.S.C. § 1951. Accept. and Entry of Plea, United States v. Roseboro, No. 3:14-cr-00264-FDW-1 (W.D.N.C.), Doc. No. 26. A final presentence investigation report ("PSR") was prepared using the 2014 United States Sentencing Guidelines ("U.S.S.G.") Manual. PSR ¶ 18, id. at Doc. No. 34. The probation officer determined that Petitioner's base offense level was 20 and that specific offense enhancements pursuant to USSG §2B3.1(b) should apply to increase the offense level two additional levels because the property of a financial institution, Dunbar Armored, was taken in the offense, six additional levels because a firearm was pointed at the victim in the offense, and two more levels because the loss in the offense was $200,000.00. PSR ¶¶ 19-22, id. The probation officer also reduced the offense level by three for Petitioner's acceptance of

1

responsibility, resulting in a total offense level of 27. Id. at ¶¶ 28-30. Petitioner's criminal history category was I. Id. at ¶ 36.

Based upon an adjusted offense level 27 and a criminal history category I, the guideline range for imprisonment was 70 months to 87 months, while the statutory maximum term of imprisonment for a violation of 18 U.S.C. 1915 was 20 years imprisonment. Id. at ¶¶ 52-53. At sentencing, the Government objected to the PSR and sought a 2-level increase to Petitioner's offense level for obstruction of justice. Add. to PSR at 15, Roseboro, No. 3:14-cr-00264-FDW-1, Doc. No. 34; Stmt. of Reasons sec. VIII, id. at Doc. No. 36. The Court sustained the objection and added two levels to Petitioner's offense level for obstruction of justice, which increased his guideline sentencing range to 87 to 108-months imprisonment. Stmt. of Reasons, id.

The Court sentenced Petitioner to 87 months in prison. J., id. at Doc. No. 36. Judgement was entered on July 20, 2015. Id. Petitioner did not appeal.

Petitioner filed the instant § 2241 Petition on January 23, 2018. (Doc. No. 1.) He claims the Court erred at sentencing by applying enhancements for obstruction of justice and taking the property of a financial institution. (§ 2241 Pet. 6-9.) Petitioner contends Dunbar Armored does not fall within the definition of "financial institution." (§ 2241 Pet. 8-9.)

Petitioner challenges the legality, not the execution of his sentence. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). When a federal prisoner is barred from seeking habeas relief through § 2255, he may still seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through § 2255's saving clause, § 2255(e), which is available when a § 2255 motion "proves inadequate or ineffective to test the legality of. . . detention." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

Section 2255 is inadequate and ineffective to test the legality of a sentence when:

2

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Petitioner does not contend that he meets any of these factors. In fact, he asserts his sentence was illegal at the time it was imposed due to application of the sentencing enhancements at issue here. (§ 2241 Pet. 5.) He argues § 2255 is inadequate or ineffective to test the legality of his detention because he is barred by the statute of limitations from pursuing relief through § 2255.[1] (§ 2241 Pet. 4.) A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective" however. See In re Vial,

---

[1] Section 2255 imposes a one-year statute of limitations on the right to bring a habeas action pursuant to §2255. See 28 U.S.C. § 2255(f). The statute of limitations begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner's judgment of conviction became final on or about August 3, 2015, when the time to file a direct appeal expired. See Fed. R. of App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); see also United States v. Osborne, 452 Fed. App'x 294, 295-96 (4th Cir. 2011) (unpublished). The statute of limitations then ran for 365 days until it fully expired on or about August 3, 2016. See § 2255(f)(1).

115 F.3d 1192, 1194, n.5 (4th Cir. 1997) (en banc).

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, the savings clause does not apply, and Petitioner may not seek habeas relief through § 2241.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241 (Doc. No. 1) is **DISMISSED** with prejudice.

Signed: December 3, 2018

Frank D. Whitney
Chief United States District Judge